Filed 11/1/24  P. v. Dyson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100715 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF05115) |
| v. | |
| DIJON MONROE DYSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dijon Monroe Dyson asks this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. Finding no arguable error that would result in a disposition more favorable to Dyson, we affirm.

BACKGROUND

At about 2:00 a.m. on December 16, 2023, Dyson was driving his car in Chico and rear-ended a Chevrolet Malibu.  Law enforcement responded to the scene, and the Malibu's passenger was taken to the hospital after reporting neck and back pain.

Dyson smelled of alcohol and exhibited signs of intoxication.  He told the responding officer that he had been at a bar and consumed two shots of vodka.  The

1

officer administered field sobriety tests, which Dyson failed. Preliminary alcohol screenings returned results of 0.269 percent and 0.256 percent blood-alcohol content. Dyson was taken to the hospital where blood was drawn for further testing.

The People charged Dyson with driving a vehicle with a blood-alcohol content of 0.08 percent or more causing injury (Veh. Code, § 23153, subd. (b)), driving under the influence of an alcoholic beverage causing injury (§ 23153, subd. (a)), and driving with a license that was previously suspended or revoked for a driving under the influence conviction (§ 14601.2, subd. (a)).[1] The People also alleged that Dyson was driving with a blood-alcohol content exceeding 0.15 percent and was therefore subject to the additional punishment provided in section 23578.

Dyson pleaded no contest to driving with a blood-alcohol content of 0.08 percent or more causing injury (§ 23153, subd. (b)) and admitted driving with a blood-alcohol content exceeding 0.15 percent (§ 23578). He also pleaded no contest to two misdemeanor charges of failure to appear (§ 40508, subd. (a)) in a separate case (Butte County Superior Court, case No. 19CM03629). The trial court accepted Dyson's plea after finding that he freely, knowingly, and intelligently waived his rights. As provided in the parties' plea agreement, the court dismissed the remaining charges with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754.

At sentencing, the trial court denied Dyson's requests for probation and drug court. The court found that Dyson was not remorseful and had yet to take responsibility for his actions. Dyson continued to minimize how much he drank the night of the collision and blame the victim. The court also noted that he had a prior conviction for driving under the influence of alcohol.

---

[1] Undesignated statutory references are to the Vehicle Code.

The trial court sentenced Dyson to the middle term of two years in state prison for his violation of section 23153, subdivision (b) and section 23578 and to two concurrent terms of six months each for the misdemeanor offenses in case No. 19CM03629. The court imposed various fines and fees, including a fine of $1,914 for his second conviction for driving under the influence.

Dyson did not obtain a certificate of probable cause.

## DISCUSSION

Dyson's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Dyson was advised by counsel of his right to file a supplemental brief within 30 days of the filing of the opening brief. Thirty days have elapsed, and we have received no communication from Dyson.

We have undertaken an examination of the record and have found no arguable error that would result in a disposition more favorable to Dyson.

## DISPOSITION

The judgment is affirmed.


  /s/
FEINBERG, J.


We concur:



  /s/
DUARTE, Acting P. J.



  /s/
BOULWARE EURIE, J.

3